**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BECKLEY DIVISION**

ETHELBERT BROADNAX,

                Plaintiff,

v.                                        CIVIL ACTION NO. 5:08-cv-01399

BARRON HELGOE, et al.,

                Defendants.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Maurice G. Taylor, Jr., United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B), by Order filed in this case on December 16, 2008. (*See* Document No. 5) The Magistrate Judge has submitted findings and recommended that the Court dismiss Plaintiff's Complaint.

The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that does not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v.*

*Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Here, objections to Magistrate Judge Taylor's *Findings and Recommendation* ("F&R") were due by May 17, 2010, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b).  Petitioner timely filed his objections on May 14, 2010.

In his F&R, Magistrate Judge Taylor observed that Plaintiff in his Complaint alleged that the named Defendants conspired in "'character assassination' and with regard to Magistrate Judge VanDervort, [Plaintiff] apparently complains of his treatment during judicial proceedings." (Findings and Recommendations at 1.)  However, the Magistrate Judge found that Plaintiff failed to "cure the deficiencies [in his Complaint] which were noted in the Court's September 25, 2009 Order" and that his complaint was subject to dismissal, in accordance with 28 U.S.C. § 1915(e)(2)(B), for his failure to state a claim on which relief may be granted.  (*Id.*)

On September 25, 2009, Magistrate Judge Taylor granted Plaintiff's application to proceed without prepayment of fees and advised Plaintiff that his Complaint was subject to screening, pursuant to the provisions of 28 U.S.C. § 1915(e). (September 25, 2009 Order (Document No. 11) at 1.) The Magistrate Judge also advised Plaintiff that his complaint "d[id] not indicate the basis for jurisdiction in this Court, [wa]s devoid of facts, may involve judicial and sovereign immunity and appear[ed] to involve only character or reputation, which are not by themselves accorded constitutional protection."  (*Id*. at 1-2.)  The Magistrate Court warned Plaintiff that his complaint would be dismissed unless he filed an amended complaint setting forth a viable cause of action." (*Id*. at 2.)[1]  To date, Plaintiff has not filed an Amended Complaint.

---

[1] Plaintiff was provided fourteen days from the date of the entry of the September 25, 2009 Order in which to file his amended complaint.

However, on March 19, 2010, Plaintiff filed an unsworn Affidavit purportedly explaining that he did not receive a fair trial, contesting the probable cause for his arrest and the denial of discovery in his criminal case.[2] Although, the Affidavit was filed beyond the deadline established by the Magistrate Court, this Court has reviewed the unsworn Affidavit, as well as, Plaintiff's Objections to the Magistrate's findings and recommendation. In his objections, Plaintiff, similar to his assertions in the March 19, 2010 affidavit, maintained his objections to his criminal conviction and the lack of discovery he and his attorney received during that case. Upon consideration of the same, this Court finds that despite receiving notice by the Court in September, 2009, Plaintiff has failed in either his unsworn Affidavit or his Objections to assert the basis for this Court's jurisdiction. "It is elementary that the burden is on the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist." *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999).[3] Accordingly, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the *Findings and Recommendation (Document No. 15)*.

The Court also reviewed Plaintiff's Letter Form Motion to Dismiss filed on July 6, 2010, wherein he asserted that he should not be expected to "travel to and from Charleston" to litigate his cases and that if the proceedings in his cases are not moved back to Beckley he seeks to "dismiss

---

[2] The court observes that this affidavit was also filed in *United States v. Broadnax*, Criminal Action No. 5:08-mj-024, wherein Mr. Broadnax sought to appeal his conviction and the resulting sentence. On September 5, 2008, in Criminal Action No. 5:08-mj-024, Mr. Broadnax pled guilty to a violation of destruction of property and disorderly conduct. He was sentenced, *inter alia*, to a conditional six-month term of probation on each charge, to run concurrently. On February 17, 2009, Magistrate Judge VanDervort granted Mr. Broadnax's request for early termination of his probation.

[3] Moreover, even if this Court had jurisdiction over Plaintiff's claims, it appears that his claims should be raised with respect to the appeal of his criminal conviction in Criminal Action No. 5:08-mj-024.

all cases . . . [and he] will get justice by another means." (Letter Form Motion (Document No. 17)).[4] A review of the docket reveals that this Court did not schedule any proceedings in this matter in Charleston. Therefore, Plaintiff's motion will be denied as moot.

In Conclusion, this Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge as contained in the *Findings and Recommendation (Document No. 15)*; **ORDERS** that Plaintiff's Letter Form Motion to Dismiss be **DENIED AS MOOT**, and **ORDERS** that the Plaintiff's *Complaint (Document No. 2)* be **DISMISSED** and that this matter be **REMOVED** from the Court's docket. A separate Judgment Order shall be entered by the Court.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 8, 2011

_____
IRENE C. BERGER, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

---

[4] At the time of his filing, Plaintiff had three other unrelated cases filed in this district. (*See* Civil Action Nos. 5:08-cv-1398; 5:08-cv-1399; and 5:09-cv-1090). However, to date, two of these cases have been dismissed for Plaintiff's failure to prosecute his claims.